IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MCGOLDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1165 |
| | ) | Judge McVerry |
| JEFFREY A. BEARD, and | ) | Magistrate Judge Bissoon |
| HARRY WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 11) be granted.

### II. REPORT

Michael McGoldrick presently is incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), located in LaBelle, Pennsylvania. McGoldrick alleges that he was injured on February 27, 2008, when he slipped and fell on ice and snow in the "Block Yard" at the prison. Defendants, who are the Superintendent of SCI-Fayette and the Secretary of the Pennsylvania Department of Corrections, are alleged to have violated the Fourteenth Amendment by failing to properly train personnel at SCI-Fayette in snow and ice removal.

Defendants move to dismiss this prisoner civil rights suit on the basis that Plaintiff failed to exhaust administrative remedies, as he did not file a grievance in this matter until more than 15 days after the incident. Defendants provide a copy of a grievance filed by Plaintiff on September 28, 2008, which was denied as untimely (Doc. 11-2, p. 2). Plaintiff has also provided an affidavit in which he states that he was held in the prison infirmary from February 27, through

1

March 14, 2008, and that he was then transferred to Westmoreland Hospital for surgery on his leg (Doc. 16-2). Plaintiff asserts that he was in too much pain to complete the necessary grievance form while in the hospital.

Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement requires the following:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Before filing a civil action, a plaintiff-inmate **must** exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004). An untimely administrative appeal does not satisfy the exhaustion requirement. Woodford, supra. While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Id., 204 F.3d at 77-78.

Even accepting as true Plaintiff's assertions concerning his inability to file a grievance within 15 days of his injury, this does not explain his failure to ask for an extension of time to file a grievance, or his failure to attempt to file a grievance at all until 7 months after his injury. See, e.g., Lyons v. Beard, 2009 WL 604139 (M.D.Pa., 2009)(Section VI of DC-ADM 804 provides that a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir.1999) (holding that plaintiff did not exhaust his administrative remedies because he filed an untimely grievance and did not request leave to file out-of-time for good cause).

The United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974. Whatever the precise meaning of "substantial compliance" in the context of prison grievance procedures, it cannot plausibly encompass the lengthy, unexplained failure to present claims to the prison administration in this case. Plaintiff has not exhausted administrative remedies, and Defendants' Motion to Dismiss should be granted.

Additionally, Plaintiff's claims fail to state a claim upon which relief can be granted. Supervisory officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a

plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior.  Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Plaintiff alleges that Defendants Beard and Wilson failed to properly train their employees in snow and ice removal.  There are no allegations of personal involvement, knowledge and acquiescence.  Plaintiff's claims are classic *respondeat superior* and do not state a claim for relief under Section 1983.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (Docs. 11) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 26, 2009.

June 9, 2009                 s/Cathy Bissoon
                                       CATHY BISSOON
                                       UNITED STATE MAGISTRATE JUDGE

**Cc:**
**MICHAEL MCGOLDRICK**
GX-2889
S.C.I. at Fayette
50 Overlook Drive
LaBelle, PA 15450-1050